## Wendt v. Wendt

*Daniel E. Teeter* and *Lawrence C. Zeger*, for plaintiff.

MacPHAIL, P. J., August 7, 1970.—Plaintiff seeks a divorce in this action on the ground of indignities to the person. The master has recommended that a decree be awarded and the evidence is sufficient to warrant a decree on the merits. However, there are two problems which compel us to refer the matter back to the master.

Notice of the master's hearing was sent to defendant by certified mail, return receipt requested, with instructions to deliver to addressee only. The signature on the receipt, purported to be that of defendant, has not been identified. This must be done before a decree can be entered: Myers v. Myers, 10 Adams 138 (1968).

The complaint states that no prior action in divorce had been commenced by either party. Plaintiff testified that after she filed her complaint, she was served with a complaint in divorce instituted in York County. She could not be certain when it was that she was served, and there is nothing on the record to show when that action was commenced. It is true that Pa. R. C. P. 1126(8) pertains only to actions commenced *prior* to the time the subject complaint was filed. However, where the record shows that another action is pending and no one is able to say with certainty when the other action was commenced or what its present status is, it should be obligatory upon this court to ascertain those matters before awarding a final decree. Therefore, we will require plaintiff to furnish the master with a properly authenticated copy of the docket entries of the action in York County. Once that information is furnished, we can readily

determine if a decree should be entered in the within action.

## ORDER OF COURT

And now, August 7, 1970, the within matter is referred back to the master for further proceedings consistent with the foregoing opinion.